IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN ROBINSON on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br>   v.<br><br>HORNELL BREWING CO., et al.,<br><br>        Defendants. | Civil No. 11-2183 (JBS-JS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, Chief Judge:

    This matter is before the Court upon the Defendants' motion to strike or dismiss, pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure, Plaintiff's class action allegations.  [Docket Item 26.]  THIS COURT FINDS AS FOLLOWS:

    1.  On July 14, 2011, Plaintiff filed his Second Amended Complaint in this action.  [Docket Item 19.]  Plaintiff's Second Amended Complaint ("SAC") purports to represent a class of consumers who, <u>inter</u> <u>alia</u>, purchased Defendants' beverages that were labeled as being "all natural" or "100% natural" but that contained high fructose corn syrup, which Plaintiff alleges is not a natural ingredient.  SAC ¶¶ 2-4.

    2.  Plaintiff alleges that a class action in this matter is appropriate and superior to other methods of adjudication of Plaintiff's state law claims of consumer fraud, contract, and other equitable remedies.  SAC ¶¶ 25-26.

    3.  Defendants subsequently filed their motion to strike or dismiss the class action allegations.  Defendants argue that the

Court should strike the allegation that a class action is "appropriate" in this matter because Plaintiff cannot meet the standard of "appropriate" necessary to certify a class for injunctive relief under Fed. R. Civ. P. 23(b)(2).  Specifically, Defendants argue that because Plaintiff seeks only injunctive and declaratory relief on behalf of the class, which, Defendants argue, Plaintiff could achieve even without certification of a class, the class action is not "appropriate" because it is not "necessary."  Defendants additionally argue that the Court should strike the allegation that a class action is "superior" in this matter because Plaintiff cannot meet the standard of "superiority" necessary to certify a class for injunctive relief under Fed. R. Civ. P. 23(b)(3).  The parties agree that the allegation of class superiority is only relevant to whether Plaintiff should seek to certify a Rule 23(b)(3) class seeking a classwide damages award.

4.   Plaintiff thereafter filed his motion to certify a class pursuant to Fed. R. Civ. P. 23(b)(2).  [Docket Item 41.]  The parties have now completed briefing on the motion to certify. Defendants, in their opposition to Plaintiff's motion to certify, have raised the identical argument contesting whether certification of the class is "appropriate" under Fed. R. Civ. P. 23(b)(2) if it is not necessary to achieve the relief sought.

5.   The Court therefore concludes that it will be more efficient to consider Defendants' argument regarding the

appropriateness of proceeding as a class action under Rule 23(b)(2) in this matter alongside Defendants' other arguments in opposition to Plaintiff's motion to certify a class.

6. Further, the Court finds that, as Plaintiff is seeking only to certify a Rule 23(b)(2) class, Defendants' arguments regarding Plaintiff's allegation regarding the "superiority" of the class action are moot, because such an allegation is relevant only to the certification of a Rule 23(b)(3) class.

7. Accordingly, the Court will deny without prejudice Defendants' motion to strike or dismiss the class allegations as to the "appropriateness" of class action in this matter, and will instead consider the argument in the context of Defendants' opposition to Plaintiff's currently pending motion to certify a class.  Additionally, the Court will deny as moot Defendants' motion to strike or dismiss the allegation of "superiority" of a class action because Plaintiff is not seeking to certify a Rule 12(b)(3) class.

8. The Court will hear oral argument on Plaintiff's motion to certify [Docket Item 41] on Tuesday, April 3, 2012, at 10:00 A.M. in Courtroom 4A.

9. The accompanying Order shall be entered.

**March 12, 2012**                         **s/ Jerome B. Simandle**
Date                                         JEROME B. SIMANDLE
                                                 Chief U.S. District Judge