McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Robert P. Donovan, Esq.
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone:     (973) 622-7711
Facsimile:      (973) 622-5314
Attorneys for Defendants, Hornell Brewing Co., Inc., d/b/a Ferolito Vultaggio & Sons, Arizona
Beverage Company LLC, Beverage Marketing USA, Inc. and Arizona Beverages USA LLC

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN ROBINSON, on behalf of himself and all others similarly situated,<br><br>            Plaintiff,<br><br>-vs-<br><br>HORNELL BREWING CO.; FEROLITO VULTAGGIO & SONS; ARIZONA BEVERAGE COMPANY LLC, BEVERAGE MARKETING USA, INC. and ARIZONA BEVERAGES USA LLC,<br><br>            Defendants. | Civil Action No. 1:11-cv-02183-JBS-JS<br><br><br><br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |

Defendants, Hornell Brewing Co., Inc., d/b/a Ferolito Vultaggio & Sons, (individually, "Hornell"),[1] AriZona Beverage Company, LLC (individually, "ABC"), Beverage Marketing USA, Inc. (individually, "BMU"), and AriZona Beverages USA LLC (individually, "ABU") (collectively, "Defendants"), by way of answer to Plaintiff's Second Amended Complaint (Doc. No. 19, "SAC"), state:

---

[1] The Complaint misidentifies and names as a separate defendant "Ferolito, Vultaggio & Sons, Inc." which is a registered business name of Hornell Brewing Co., Inc. and is not a corporation or a separate entity.

**NATURE OF ACTION**

1.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the SAC and, hence, said allegations are denied.

2.      Defendants deny the allegations contained in paragraph 2 of the SAC.

3.      Defendants deny the allegations contained in paragraph 3 of the SAC.

4.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the SAC and, hence, said allegations are denied.

5.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the SAC and, hence, said allegations are denied.

**PARTIES**

6.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the SAC and, hence, said allegations are denied.

7.      BMU admits the allegations contained in paragraph 7 of the SAC.

8.      Defendants admit that Hornell is a New York corporation with its principal place of business in Woodbury, New York, but deny the remaining allegations contained in paragraph 8 of the SAC.

9.      Defendants admit that Hornell does business as "Ferolito Vultaggio & Sons" but deny the remaining allegations contained in paragraph 9 of the SAC.

10.     Defendants admit that ABC is a privately-held company with offices in, *inter alia*, Woodbury, New York, but deny the remaining allegations contained in paragraph 10 of the SAC.

11.     Defendants admit that ABU is a New York corporation, with its principal place of business in Woodbury, New York, and admit that ABU markets and sells AriZona brand name products but deny the remaining allegations contained in paragraph 11 of the SAC.

12.     Hornell and ABU admit selling beverages bearing the "AriZona" brand to, *inter alia*, distributors in New Jersey but deny the remaining allegations contained in paragraph 12 of the SAC.  ABC and BMU deny each and every allegation contained in paragraph 12 of the SAC.

## JURISDICTION AND VENUE

13.     The allegations contained in paragraph 13 of the SAC purport to state a legal conclusion to which a response is not required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 13 of the SAC.

14.     The allegations contained in paragraph 14 of the SAC purport to state a legal conclusion to which a response is not required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 14 of the SAC.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the SAC and, hence, said allegations are denied.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the SAC and, hence, said allegations are denied.

17.     The allegations contained in paragraph 17 of the SAC purport to state a legal conclusion to which a response is not required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 17 of the SAC.

18.     The allegations contained in paragraph 18 of the SAC purport to state a legal conclusion to which a response is not required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 18 of the SAC.

19.     The allegations contained in paragraph 19 of the SAC purport to state a legal conclusion to which a response is not required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 19 of the SAC.

## CLASS ACTION ALLEGATIONS

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the SAC and, hence, said allegations are denied.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the SAC and, hence, said allegations are denied.

22.     Defendants deny the allegations contained in paragraph 22 of the SAC.

23.     Defendants deny the allegations contained in paragraph 23 of the SAC.

24.     Defendants deny the allegations contained in paragraph 24 of the SAC.

25.     Defendants deny the allegations contained in paragraph 25 of the SAC.

26.     Defendants deny the allegations contained in paragraph 26 of the SAC.

27.     Defendants deny the allegations contained in paragraph 27 of the SAC.

28.     Defendants deny the allegations contained in paragraph 28 of the SAC.

## **STATEMENT OF FACTS**

29.     Hornell and ABU admit marketing and selling beverages bearing the "AriZona" brand, including iced tea beverages, in, *inter alia*, the State of New Jersey, the State of California and the State of Florida.  Hornell and ABU admit that their line of beverages sold includes, but is not limited to, products labeled: Original Brand AriZona Iced Tea with Lemon Flavor, AriZona Iced Tea with Raspberry Flavor, AriZona Iced Tea with Peach Flavor, AriZona Green Tea with Ginseng and Honey and AriZona Rx Stress Herbal Iced Tea.  ABC admits distributing products bearing the "AriZona" brand, including iced tea beverages, in the State of Florida but denies doing any business in the State of New Jersey.  Defendants deny the remaining allegations contained in paragraph 29 of the SAC.

30.     Defendants admit that they do not customarily advertise their products on television and/or radio and/or in print but deny the remaining allegations of paragraph 30 of the SAC.

31.     Hornell and ABU admit that the products bearing the "AriZona" name are sold in a variety of containers and that some of their products have been sold in powdered form. Defendants deny the remaining allegations contained in paragraph 31 of the SAC.

32.     Hornell and ABU admit labeling some of their "AriZona" brand name beverages as "100% Natural."  Defendants deny the remaining allegations contained in paragraph 32 of the SAC.

33.     Defendants deny the allegations contained in paragraph 33 of the SAC.

34.     Hornell and ABU admit that above the list of ingredients on some 20-ounce bottles of AriZona Rx Stress Herbal Iced Tea, the label has included the phrase "100% Natural No Preservatives."   Hornell and ABU admit that on the side of the label on some 20 ounce

bottles of Hornell's AriZona Green Tea with Ginseng and Honey, the label has included the phrase "100% All Natural."  Defendants deny the remaining allegations contained in paragraph 34 of the SAC.

35.     Defendants deny the allegations contained in paragraph 35 of the SAC.

36.     Defendants deny the allegations contained in paragraph 36 of the SAC.

37.     Defendants admit that Arizona beverages are marketed on a website bearing the address "drinkarizona.com."  As to the statements referred to in the first two bullet points of paragraph 37, page 9, of the SAC, Defendants admit having made such statements on the website.  Defendants deny the remaining allegations contained in paragraph 37 of the SAC.

38.     Defendants deny the allegations contained in paragraph 38 of the SAC.

39.     Defendants admit that HFCS is disclosed as an ingredient in the label on products. With regard to allegations of a "reasonable consumer," those allegations purport to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that allegation.  As to the allegation that HFCS is not natural, that allegation is denied. Defendants deny the remaining allegations contained in paragraph 39 of the SAC.

## HIGH FRUCTOSE CORN SYRUP ("HFCS")

40.     Defendants deny the allegations contained in paragraph 40 of the SAC.

41.     Defendants deny the allegations contained in paragraph 41 of the SAC.

42.     Defendants deny the allegations contained in paragraph 42 of the SAC.

43.     Defendants deny the allegations contained in paragraph 43 of the SAC.

44.     Defendants deny the allegations contained in paragraph 44 of the SAC.

45.     Defendants deny the allegations contained in paragraph 45 of the SAC.

46.     Defendants deny the allegations contained in paragraph 46 of the SAC.

47.     Defendants deny the allegations contained in paragraph 47 of the SAC.

48.     Defendants deny the allegations contained in paragraph 48 of the SAC.

49.     Defendants deny the allegations contained in paragraph 49 of the SAC.

50.     Defendants deny the allegations contained in paragraph 50 of the SAC.

## PLAINTIFF'S ALLEGED PURCHASE OF ARIZONA ICED TEAS

51.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the SAC and, hence, said allegations are denied.

52.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the SAC and, hence, said allegations are denied.

53.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the SAC and, hence, said allegations are denied.

54.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the SAC and, hence, said allegations are denied.

55.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the SAC and, hence, said allegations are denied.

56.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the SAC and, hence, said allegations are denied.

57.     Defendants deny the allegations contained in paragraph 57 of the SAC.

58.     Defendants deny the allegations contained inn paragraph 58 of the SAC.

59.     Defendants deny the allegations contained in paragraph 59 of the SAC.

60.     Defendants deny the allegations contained in paragraph 60 of the SAC.

61.     Defendants deny the allegations contained in paragraph 61 of the SAC.

## COUNT I

## ALLEGATIONS OF CONSUMER FRAUD

62.     Defendants repeat and reassert their responses to all prior allegations as if set forth herein at length.

63.     Because the allegations contained in paragraph 63 of the SAC pertain to law, rather than factual allegations, and because the allegations do not accurately set forth the entirety of N.J.S.A. 56:8-2, the allegations contained in paragraph 63 of the SAC are denied.

64.     Defendants deny the allegations contained in paragraph 64 of the SAC.

65.     Defendants deny the allegations contained in paragraph 65 of the SAC.

66.     Defendants deny the allegations contained in paragraph 66 of the SAC.

67.     Defendants deny the allegations contained in paragraph 67 of the SAC.

68.     Defendants deny the allegations contained in paragraph 68 of the SAC.

## COUNT II

## ALLEGATIONS OF UNJUST ENRICHMENT
## AND COMMON LAW RESTITUTION

69.     Defendants repeat and reassert their responses to all prior allegations as if set forth herein at length.

70.     Defendants deny the allegations contained in paragraph 70 of the SAC.

71.     Defendants deny the allegations contained in paragraph 71 of the SAC.

72.     Defendants deny the allegations contained in paragraph 72 of the SAC.

73.     Defendants deny the allegations contained in paragraph 73 of the SAC.

74.     Defendants deny the allegations contained in paragraph 74 of the SAC.

75.     Defendants deny the allegations contained in paragraph 75 of the SAC.

## COUNT III

### ALLEGATIONS OF BREACH OF EXPRESS WARRANTY

76.     Defendants repeat and reassert their responses to all prior allegations as if set forth herein at length.

77.     Defendants deny the allegations contained in paragraph 77 of the SAC.

78.     Defendants deny the allegations contained in paragraph 78 of the SAC.

79.     Defendants deny the allegations contained in paragraph 79 of the SAC.

80.     Defendants deny the allegations contained in paragraph 80 of the SAC.

## COUNT IV

### ALLEGATIONS OF BREACH OF IMPLIED WARRANTY

81.     Defendants repeat and reassert their responses to all prior allegations as if set forth herein at length.

82.     Defendants deny the allegations contained in paragraph 82 of the SAC.

83.     Defendants deny the allegations contained in paragraph 83 of the SAC.

84.     Defendants deny the allegations contained in paragraph 84 of the SAC.

## PRAYER FOR RELIEF

85.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the SAC and, hence, said allegations are denied.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's claims are barred by the doctrine of estoppel.

2.    Plaintiff's claims are barred by the doctrine of laches.

3.    Plaintiff's claims are barred by the doctrine of voluntary payment.

4.    Plaintiff's claims are barred by the doctrine of the statute of limitations.

5.    Plaintiff's claims are barred by the doctrine of the statute of frauds.

6.    Plaintiff's claims are barred by the doctrine of waiver.

7.    Plaintiff's claims are barred by the doctrine of preemption.

8.    Plaintiff's claims are barred by the doctrine of primary jurisdiction.

9.    Plaintiff fails to state a claim upon which relief can be granted.

10.    Plaintiff's claims against ABC are barred by a lack of personal jurisdiction.

11.    Plaintiff's claims are barred by the requirements of Rule 23 of the *Federal Rules of Civil Procedure*.

12.    Plaintiff's claims for equitable and/or injunctive relief are barred due to a lack of standing and the doctrine of unclean hands.

13.    Plaintiff's claims for breach of warranty are barred by the failure to comply with the notice requirements under N.J.S.A. 12A:2-607(3).

14.    Plaintiff's claims for consumer fraud are barred by the failure to comply with the notice requirements under N.J.S.A. 56:8-20.

15.     Plaintiff's claims must be dismissed because Plaintiff has not suffered any compensable loss.

16.     Plaintiff's claims must be dismissed because Plaintiff suffered no damages as a result of any action or inaction by Defendants.

17.     Plaintiff's claims are barred due to the lack of proximate cause.

18.     Plaintiff's claims for class certification are barred under the doctrines of *res judicata* and/or the Entire Controversy Rule.

Dated:  March 27, 2012          /s/ *Robert P. Donovan*
                                Robert P. Donovan

                                McELROY, DEUTSCH, MULVANEY
                                & CARPENTER, LLP
                                Three Gateway Center
                                100 Mulberry Street
                                Newark, New Jersey 07102
                                Telephone:     (973) 622-7711
                                Facsimile:     (973) 622-5314

                                *Attorneys for Defendants, Hornell Brewing Co., Inc., d/b/a Ferolito Vultaggio & Sons, Arizona Beverage Company LLC, Beverage Marketing USA, Inc. and Arizona Beverages USA, LLC*

#1743573                                11

## Certification Pursuant to Local Civil Rule 11.2

Pursuant to *Local Civil Rule 11.2*, I certify under penalty of perjury that, with the potential exception of the matter captioned, *Lauren Ries and Serena Algozer v. Hornell Brewing Company, Inc.*, *Arizona Beverage Company LLC, Beverage Marketing USA, Inc. and Arizona Beverages USA LLC*, bearing civil case number 10-01139-RS, pending before the United States District Court for the Northern District of California, which does not involve the same parties to the subject action but concerns matters in controversy in the subject action, the matter in controversy is not the subject of any other known action pending in any court or of a pending arbitration or administrative proceeding.

Dated:  March 27, 2012                    Respectfully submitted,

                                          /s/ *Robert P. Donovan*
                                          Robert P. Donovan

                                          McELROY, DEUTSCH, MULVANEY
                                          & CARPENTER, LLP
                                          Three Gateway Center
                                          100 Mulberry Street
                                          Newark, New Jersey 07102
                                          Telephone:     (973) 622-7711
                                          Facsimile:     (973) 622-5314

                                          *Attorneys for Defendants, Hornell Brewing Co., Inc., d/b/a Ferolito Vultaggio & Sons, Arizona Beverage Company LLC, Beverage Marketing USA, Inc. and Arizona Beverages USA, LLC*

**Certification of Service**

      I certify that copies of the Defendants' answer to Plaintiff's Second Amended Complaint were this day served, by electronic case filing, upon the following attorneys for Plaintiff: Daniel R. Lapinski, Esq. and Joseph J. DePalma, Esq.

                                  McELROY, DEUTSCH, MULVANEY
                                  & CARPENTER, LLP
                                  Attorneys for Defendants,
                                  Hornell Brewing Co., Inc., d/b/a Ferolito Vultaggio
                                  & Sons, AriZona Beverage Company, LLC,
                                  Beverage Marketing USA, Inc. and AriZona
                                  Beverages USA LLC

                                  /s/ Robert P. Donovan
Dated:  March 27, 2012                        Robert P. Donovan