IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STEVEN ROBINSON on behalf of himself and all others similarly situated, | Civil No. 11-2183 (JBS-JS) |
| Plaintiff, | **OPINION** |
| v. | |
| HORNELL BREWING CO., et al., | |
| Defendants. | |

APPEARANCES:

Philip A. Tortoreti, Esq.
Daniel R. Lapinski, Esq.
WILENTZ, GOLDMAN & SPITZER
90 Woodbridge Center Drive
Woodbridge, NJ 07095
     -and-
Katrina Carroll, Esq.
Allyn Z. Lite, Esq.
Joseph J. DePalma, Esq.
Bruce D. Greenberg, Esq.
LITE DePALMA GREENBERG, LLC
Two Gateway Center, 12th Floor
Newark, NJ 07102
     Attorneys for Plaintiff

Robert P. Donovan, Esq.
Jamie D. Taylor, Esq.
MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102
     Attorneys for Defendants

**SIMANDLE**, Chief Judge:

# I.  INTRODUCTION

Before the Court is Plaintiff Robinson's motion to dismiss

for lack of subject matter jurisdiction [Docket Item 79] and

Defendants' cross-motion for partial summary judgment. [Docket Item 85.] Plaintiff filed this lawsuit as a putative class action under Fed. R. Civ. P. 23(b)(2), alleging that he, and other citizens of New Jersey, were induced to buy Defendants' Arizona Brand beverages because of misleading labels touting "All Natural" ingredients, when the beverages contained High Fructose Corn Syrup ("HFCS"), which Plaintiff asserts is not a natural ingredient. The Court denied Plaintiff's motion to certify because Plaintiff lacked standing [Docket Items 70 & 71], and the Third Circuit denied Plaintiff's petition for permission to appeal pursuant to Rule 23(f). [Docket Item 76.]

Plaintiff now seeks a dismissal without prejudice, arguing that the Court lacks subject matter jurisdiction over the action after denying the certification of the class. Defendants oppose the motion and also file a cross-motion for partial summary judgment on Plaintiff's claims for injunctive relief. The key threshold inquiry for the Court is whether the Court retains jurisdiction after denying class certification for lack of standing under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-02, 119 Stat. 4, codified in relevant part at 28 U.S.C. § 1332(d). For the reasons explained below, the Court will grant the motion to dismiss for lack of subject matter jurisdiction, and thus must deny the cross-motion for partial summary judgment.

## II. Background

The facts of this case were described in <u>Robinson v. Hornell</u>
<u>Brewing Co.</u>, No. 11-2183, 2012 WL 1232188 at *1-*2 (D.N.J. Apr.
11, 2012), and will be recounted here only in relevant part.

### A. Facts

Plaintiff asserts that for more than a decade, he was
induced to buy bottles of Arizona beverages that contained HFCS
because of labeling that misleadingly described the ingredients
as "All Natural." [Pl. Mot. at 2-3.] In his Second Amended
Complaint ("Complaint"), Plaintiff describes four occasions on
which he purchased Defendants' beverages, at prices ranging from
$1.39 to $2.25 per 20 oz. bottle, and asserts that he did so
"[o]n numerous other occasions over the course of the years
preceding the filing . . . ." [Compl. ¶¶ 51-52, 58.] Plaintiff
claims that but for the labeling he would not have purchased the
products. <u>Robinson</u>, 2012 WL 1232188, at *2. When Plaintiff
discovered that the products contained HFCS, he became
disillusioned with Defendants, and stated that he would not
purchase Arizona beverages again, regardless of whether
Defendants change the labels. <u>Id.</u> (quoting Plaintiff's Response
to Interrogatory No. 36 ("Plaintiff states that due to his
current lack of trust regarding Defendants and their products,
there are no changes [to Arizona product labeling] that would be
sufficient for Plaintiff to purchase Arizona Products in the

3

future.")).

**B. Procedural History**

Plaintiff brought this suit in federal court as a putative class action, seeking certification under Rule 23(b)(2) ("A class action may be maintained if Rule 23(a) is satisfied and if . . . (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole . . . ."). [Docket Items 1 & 41; Fed. R. Civ. P. 23(b)(2).] In his Complaint, Plaintiff alleged violations of the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8-2 (2006), ("Count I"), and brought claims for unjust enrichment and common law restitution ("Count II"), breach of express warranty ("Count III"), and breach of implied warranty of merchantability ("Count IV"). [Second Am. Compl. ¶¶ 62-84.] Plaintiff requested various injunctive and declaratory remedies. Id. ¶ 85(a)-(g). He also requested "compensatory damages to Plaintiff," reimbursement to "Plaintiff in an amount equal to his ascertainable loss," treble damages "to Plaintiff" under the NJCFA, and attorneys' fees and costs "associated with this litigation." Id. ¶ 85(h)-(k). The Complaint premised jurisdiction on 28 U.S.C. § 1332(d), alleging diversity of citizenship and an aggregate amount in controversy exceeding $5 million. [Id. ¶¶ 13-15.]

The Court denied Plaintiff's motion to certify the class because Plaintiff lacked standing to seek injunctive relief. Robinson, 2012 WL 1232188 at *7. The Court reasoned that because Plaintiff testified and stated in his answers to interrogatories that he had no intention of purchasing Arizona products again, he failed to show a reasonable likelihood of future injury from the Defendants' conduct, as required under McNair v. Synapse Group Inc., 672 F.3d 213 (3d Cir. 2012) and City of Los Angeles v. Lyons, 461 U.S. 95 (1983). Id. at *4. The Court rejected Plaintiff's arguments that (1) merely seeing the label "All Natural" on products that Plaintiff did not purchase would harm him in some way and (2) Plaintiff yet may be misled by the "All Natural" label and induced into purchasing Arizona products again. Id. at *5. Those proposed future injuries were "too hypothetical or conjectural to create standing to pursue injunctive relief on behalf of the proposed class. . . . Plaintiff cannot plausibly demonstrate that he is likely to be fooled again into purchasing Defendants' products." Id. at *5-*6. The Court concluded Plaintiff lacked Article III standing to represent the class on claims seeking injunctive relief. Id. at *7. The Third Circuit denied Plaintiff's petition for permission to appeal the denial of certification. [Docket Item 76.]

## III. Discussion

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

5

Plaintiff filed the present motion to dismiss for lack of subject matter jurisdiction. [Docket Item 79 ("Pl. Mot. Br.").] He argues that because this Court determined he lacked Article III standing to pursue claims for injunctive relief, the Court must dismiss the action. [Id. at 5.] Plaintiff adds that the Court's original jurisdiction was premised solely upon CAFA, and his individual damages claim did not exceed $75,000 at the time his Complaint was filed, and therefore he cannot meet the diversity jurisdiction requirements of 28 U.S.C. § 1332(a). [Id.]

Plaintiff characterizes his damages claims as "merely supplemental to the class claims" and requests they be dismissed under 28 U.S.C. § 1367(c)(3), which permits district courts to decline to exercise supplemental jurisdiction over a state law claim if the court has dismissed all claims over which it had original jurisdiction. [Id. at 5-6.] Plaintiff urges the Court to exercise its discretion to dismiss the claims because, as the Court noted in Robinson, 2012 WL 1232188, at *7, McNair appears to preclude victims of consumer fraud from bringing class actions for injunctive relief under Rule 23(b)(2), and Plaintiff argues this result conflicts with the New Jersey statute, which permits equitable relief. [Pl. Mot. Br. at 6.] Finally, Plaintiff requests the dismissal to be without prejudice, because both a denial of class certification and dismissal for lack of subject matter jurisdiction are not adjudications on the merits. [Id. at

6

7.]

     Defendants oppose the motion, arguing that the allegations of the Complaint control the question of jurisdiction, and Plaintiff's claim for treble damages, on behalf of himself and the class, exceed $5 million and therefore the Court has jurisdiction under CAFA. [Def. Opp'n at 13.] The damages claims represent a live controversy and jurisdiction exists, regardless of the denial of class certification and the inability of the Plaintiff to pursue injunctive relief as a class. [Id. at 19.] Defendants further argue that, although the Third Circuit has not ruled on the issue, federal courts have reached a consensus that CAFA jurisdiction continues after denial of class certification. [Id. at 14-15.] Defendants argue that the Court has original jurisdiction under CAFA for any "class action," which is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure . . . ." [Id. at 16] Therefore, because the action was filed under Rule 23, Defendants assert that the Court has jurisdiction over the action, and if the Court had jurisdiction at the time of filing, the denial of class certification should not divest the Court of jurisdiction. [Id. at 16-17.] Ruling otherwise would enable a game of litigation "ping-pong" and "trigger a whole new round of litigation in state court on the same issues . . . defeat[ing] the purpose of CAFA . . . ." [Id. at 18.]

Defendants present an alternative argument: that the Court has jurisdiction under § 1332(a), because there is complete diversity and, at the time of filing, the amount in controversy exceeded $75,000. [Id. at 21.] Defendants cite Shah v. Hyatt Corp., 425 Fed. Appx. 121 (3d Cir. 2011) for the proposition that the Court should consider diversity jurisdiction in addition to CAFA jurisdiction before dismissing the claims. [Id. at 21-22.] Defendants argue that the court should take into account (1) treble damages claimed under the NJCFA, (2) attorneys' fees and costs, and (3) "the value of the object of the litigation" for declaratory or injunctive relief, when determining amount in controversy. [Id. at 23-24.] Defendants assert that Plaintiff has the burden to prove, to a legal certainty, that the amount in controversy cannot exceed $75,000, and that Plaintiff has not offered any proof that he cannot recover the jurisdictional amount.[1] [Id. at 24-25.]

Because the Court has jurisdiction, Defendants argue,

---

[1] Defendants also argue that the amount in controversy affirmatively exceeds $75,000. [Id. at 25-27.] Defendants assert that Plaintiff, in seeking fees "associated with this litigation," seek to recover attorney's fees for services expended in the related litigation, Coyle v. Hornell Brewing Co., Civ. No. 08-2797 (D.N.J. removed on June 5, 2008), with which Plaintiff originally sought to have this matter consolidated. [Id. at 3-4.] Defendants assert that the fees associated with Coyle, plus the fees for this case, and the treble damages meet the jurisdictional requirements. [Id. at 26-27.] Defendants assert that the attorney's fees in this case alone likely exceed $75,000. [Id. at 27.]

dismissing claims under § 1367(c) is improper. [Id. at 27-28.]

Instead, Defendants request partial summary judgment on claims for injunctive relief. [Id. at 29-32.] The Court will address the cross-motion for partial summary judgment in turn.

In reply, Plaintiff asserts that "the only relief sought by Plaintiff on behalf of the Class was declaratory and injunctive relief" and that he "never demanded relief on behalf of the Class" for damages. [Pl. R. Br. at 2-3.] Plaintiff points out that Defendants made this observation to the Court in previous submissions, contradicting their present position: "Plaintiff seeks reimbursement of individual monetary losses and for individual damages allegedly sustained by him and is not seeking damages on behalf of the putative class." [Id. at 3 n.2, quoting Def. Mot. of Law in Support of Mot. to Strike and Dismiss the Class Action Allegations in P.'s Second Am. Compl. at 2, Docket Item 26-1.]

Plaintiff further argues that the cases cited by Defendants are inapposite because none deal with a class certification that was denied because of standing, and the cases otherwise do not support Defendants' arguments. [Pl. R. Br. at 4-5.] If Plaintiff lacked standing at the outset, he asserts, he did not have "the requisite stake in the outcome when the suit was filed," and thus the complexities of CAFA jurisdiction "are irrelevant." [Id. at 7.]

Plaintiff argues that Defendants seek to establish jurisdiction under § 1332(a), and thus bear the burden to show that it is more likely than not that the amount in controversy exceeds the jurisdictional amount. [Id. at 8.] Plaintiff asserts that Defendants cannot make this showing. [Id.] Plaintiff disputes the contention that, when the matter was filed, "fees associated with this litigation" included fees related to the Coyle litigation. [Id. at 8-9.] Plaintiff contends that fees associated with this matter, determined retrospectively, cannot be used to determine whether diversity jurisdiction has been satisfied. [Id. at 9.] Finally, Plaintiff distinguishes Shah on the ground that, there, the district court found that it had jurisdiction based on diversity, but nonetheless remanded to state court. [Id. at 10.] The Third Circuit reversed, holding that remand was in error. [Id.] Here, Plaintiff argues, the matter was not removed from state court, nor did this Court find subject matter jurisdiction was present at the outset. [Id.] Plaintiff requests dismissal without prejudice.

### i. Analysis

Federal courts have split on the issue of whether district courts retain jurisdiction after denying class certification under CAFA. See Rivera v. Washington Mut. Bank, 637 F. Supp. 2d 256, 263 n.8 (D.N.J. 2009) (citing cases which reach different conclusions); Clausnitzer v. Fed. Express Corp., 621 F. Supp. 2d.

10

1266, 1268 n.1 (S.D. Fla. 2008) (same); <u>Ronat v. Martha Stewart</u>
<u>Living Omnimedia, Inc.</u>, No. 05-520, 2008 WL 4963214, at *6 (S.D.
Ill. Nov. 12, 2008) (same). The Third Circuit has not ruled on
the matter, and district courts within the Third Circuit are not
in agreement. <u>See</u> <u>Rivera</u>, 637 F. Supp. 2d at 263 n.8 (comparing
<u>Atlass v. Mercedes-Benz USA, LLC</u>, No. 07-2720, 2007 WL 2892803,
at *1 n.1 (D.N.J. Sept. 25, 2007) (finding no jurisdiction if
certification was denied) with <u>Allen-Wright v. Allstate Ins. Co.</u>,
No. 07-4087, 2009 WL 1285522, at *3 (E.D. Pa. May 5, 2009)
(retaining jurisdiction even though class certification was
denied)).

    **a. Statutory Language**

    The Court begins its analysis with the text of the statute.
CAFA grants district courts "original jurisdiction of any civil
action in which the matter in controversy exceeds the sum or
value of $5,000,000, exclusive of interest and costs, and is a
class action in which . . . any member of a class of plaintiffs
is a citizen of a State different from any defendant . . . ." 28
U.S.C. § 1332(d)(2)(A). The statute lists certain exceptions to
this rule, not relevant here, and then states "[t]his subsection
shall apply to any class action before or after the entry of a
class certification order by the court with respect to that
action." § 1332(d)(8). The statute defines "class action" as "any
civil action <u>filed</u> under rule 23 of the Federal Rules of Civil

Procedure . . . ." § 1332(d)(1)(B) (emphasis added). A "class certification order" is "an order issued by a court <u>approving</u> the treatment of some or all aspects of a civil action as a class action . . . ." § 1332(d)(1)(C) (emphasis added).

Because the term "class certification order" is defined in terms of an order certifying the class, and jurisdiction exists before and after entry of such an order, the statute, on its face, suggests that jurisdiction exists before and after certification is granted. The statute does not explicitly provide a basis for retaining jurisdiction after a denial of certification. However, neither does this provision of the statute provide a basis for jurisdiction <u>before</u> a denial of certification, and because the court must have jurisdiction to rule on the motion to certify the class, there must be some other basis, perhaps implicit, for jurisdiction, at least to rule on the certification motion.[2]

Courts have interpreted this language differently. In <u>Ronat</u>, 2008 WL 4963214, at *7, the Southern District of Illinois read the silence pertaining to jurisdiction after denial of certification to mean that the court loses jurisdiction if the class is not certified: "This is no longer a class action and so

---

[2] Another court in this District, noting the apparent gap in the statute, held that the statute grants "provisional jurisdiction to decide issues bearing on class certification prior to the entry of a class certification order." <u>Rivera</u>, 637 F. Supp. 2d at 263.

the case ends here." Judge Posner, writing for the Seventh

Circuit in <u>Cunningham Charter Corp. v. Learjet, Inc.</u>, 592 F.3d

805 (7th Cir 2010), disagreed, reasoning that the statute

> could mean that in the absence of such an [class
> certification] order a suit is not a class action. But
> remember that jurisdiction attaches when a suit is
> <u>filed</u> as a class action, and that invariably precedes
> certification. All that section 1332(d)(1)(C) means is
> that a suit filed as a class action cannot be
> maintained as one without an order certifying the
> class. That needn't imply that unless the class is
> certified the court loses jurisdiction of the case.

<u>Cunningham</u>, 592 F.3d at 806. The Seventh Circuit held that denial

of certification does not destroy jurisdiction, in accordance

with the general principles that "jurisdiction properly invoked

is not lost by developments after a suit is filed," and, if

possible, "a case should stay in the system that first acquired

jurisdiction." <u>Id.</u> at 807. Declining jurisdiction would permit

plaintiffs to refile class actions, otherwise within the scope of

Rule 23, in state court, thwarting the policies behind CAFA. <u>Id.</u>

The court acknowledged exceptions to the rule, including if a

case becomes moot during the course of litigation, if the

plaintiff amends away jurisdiction in an amended pleading, or "if

after the case is filed it is discovered that there was no

jurisdiction at the outset . . . ." <u>Id.</u>

### b. Circuit Court Decisions

With <u>Cunningham</u>, the Seventh Circuit joined the Eleventh

Circuit in holding that denial of certification does not

automatically deprive courts of jurisdiction. The Eighth and Ninth Circuits have reached the same conclusion. However, the circuit court decisions are not precisely on point, because none considered a denial of class certification due to a lack of subject matter jurisdiction.

In Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1260 (11th Cir. 2009), the plaintiff employees filed a putative class action against defendant employer T-Mobile in state court seeking damages to recover unpaid commissions, which they argued they were owed per company policy. The defendant removed the action to federal court. Id. at 1263. The Eleventh Circuit held that the district court abused its discretion in certifying the class under Rule 23(b)(3), because the proposed class failed to meet the numerosity and typicality requirements, among other problems. Id. at 1267, 1276. The court noted that denying certification "does not divest the federal courts of subject matter jurisdiction under the CAFA" because "jurisdictional facts are assessed at the time of removal[,] and post-removal events (including non-certification . . .) do not deprive federal courts of subject matter jurisdiction." Id. at 1268 n.12. The Eleventh Circuit remanded the case to address plaintiff Vega's individual claims. Id. at 1280. But see Rivera, 637 F. Supp. 2d at 263 n.8 ("The Court respectfully disagrees with the [Eleventh Circuit] . . . and other courts that have made similar rulings.").

The Ninth Circuit similarly held that denial of class certification does not divest federal courts of jurisdiction. In United Steel v. Shell Oil Co., 602 F.3d 1087 (9th Cir. 2010), the plaintiff filed a putative class action in state court, which was removed, and the district court denied certification because "class resolution was not superior to other methods of adjudication, as must be found under Rule 23(b)(3) as a prerequisite to class certification." Id. at 1089-90. The district court concluded that CAFA jurisdiction never existed and remanded the case, at which point the plaintiffs filed two new class actions in state court and moved to amend the remanded action, and the defendants removed the new cases back to federal court. Id. at 1090. The Ninth Circuit held that jurisdiction under § 1332(d) does not depend on certification, and the district court should not remand the case to state court. Id. at 1092.

More recently, the Eighth Circuit also embraced the position that "jurisdiction continue[s] despite the district court's denial of Plaintiffs' motion for class certification." Buetow v. A.L.S. Enters., Inc., 650 F.3d 1178, 1182 n.2 (8th Cir. 2011). In that case, the district court denied the plaintiffs' motion for class certification because "reliance and damages issues lack the commonality required by Federal Rule of Civil Procedure 23(b)(3) . . . ." Id. at 1182. The plaintiffs had brought claims under the

Minnesota Consumer Fraud Act, the state unlawful trade practices act, and the state uniform deceptive trade practices act, against defendant A.L.S. Enterprises, Inc., which advertised its hunting garments as incorporating "odor eliminating technology." Id. at 1181. After denying class certification, the court granted the plaintiff's motion for partial summary judgment, holding that advertising claims were literally false, and issued a permanent injunction under the consumer fraud act and the unfair trade practices act. Id. at 1182. The district court also granted the defendant's summary judgment motion because the plaintiffs "presented no evidence they are exposed to a risk of future harm." Id. The defendant appealed the permanent injunction, and the Eighth Circuit observed that federal jurisdiction continued despite denial of class certification, citing Cunningham without further analysis. Id. at 1182 n.2.

None of these circuit court decisions directly confronts the issue at hand: whether jurisdiction continues over a class action filed in federal court when class certification under Rule 23(b)(2) is denied due to a defect in subject matter jurisdiction. All of the class certification motions were denied in these cases for reasons unrelated to defects in subject matter jurisdiction; rather the plaintiffs failed to meet the requirements of Rule 23. Further, none of the actions were filed under Rule 23(b)(2), as is the case here, which permits class

16

certification for those seeking injunctive or declaratory relief. Instead, the plaintiffs sought certification under Rule 23(b)(3), which does not distinguish among kinds of relief and has different requirements for certification. Finally, some of the circuit court cases addressed class actions that had been removed from state court, which present unique issues of forum manipulation not applicable here.

### c. Southern District of New York

Last year, the Southern District of New York decided _Weiner v. Snapple Beverage Corp._, No. 07-8742, 2011 WL 196930 (S.D.N.Y. Jan. 21, 2011), which presented substantially similar facts to the case now before the Court. In _Weiner_, the plaintiff alleged that he paid a premium for Snapple beverages because of "All Natural" labeling, when in fact they were sweetened with HFCS. _Id._ at *1. Plaintiff sought damages and injunctive relief, and moved to certify a class under Rule 23(b)(3). _Id._ at *2. The district court denied certification because the plaintiffs failed to satisfy the Rule 23(b)(3) predominance requirement, and indicated that the plaintiffs likely did not meet the superiority requirement of Rule 23, either. _Weiner v. Snapple Beverage Corp._, No. 07-8742, 2010 WL 3119452, at *12 (S.D.N.Y. Aug. 5, 2010). After certification was denied, the defendant moved for summary judgment against the two named plaintiffs. _Weiner_, 2011 WL 196930, at *2. The claims for injunctive relief were rendered

17

moot because Snapple substituted sugar for HCFS, leaving
individual claims for damages that did not meet the § 1332(a)
amount in controversy requirement and claims by one plaintiff who
was not diverse from the defendant. Id. Citing Cunningham, United
Steel, and Vega, the district court held that federal
jurisdiction was determined at the outset of the litigation, and
the court retained jurisdiction despite denying class
certification. Id.

Weiner is distinguishable from the present case because the
plaintiff in Weiner sought certification under Rule 23(b)(3) and
failed to satisfy the predominance requirement, whereas the
plaintiff in this case sought certification under Rule 23(b)(2)
for injunctive and declaratory relief and class certification was
denied because Plaintiff lacked standing for injunctive and
declaratory claims. Thus, Weiner and the circuit court opinions
shed limited light on the precise issue presented here.

**d. The Court Lacks Subject Matter Jurisdiction of Class
Action Claims**

The Court need not decide whether it follows the circuit
courts and the Weiner court, because the Court is not presented
with the question of whether jurisdiction remains after a
district court denies class certification due to a failure to
meet Rule 23 requirements. This is the exceptional case in which
the Court lacks subject matter jurisdiction over the class action

claims, and thus never had jurisdiction from the start. This case failed to present an Article III case or controversy because the sole plaintiff lacked standing to seek injunctive relief. This defect in jurisdiction existed at the time of filing this class action complaint. A lack of standing is a defect of subject matter jurisdiction. See McCray v. Fidelity Nat. Title Ins. Co., 682 F.3d 229, 243 (3d Cir. 2012) ("Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed."). Because the Court lacks subject matter jurisdiction over Plaintiff's class claims, and, as explained below, because Plaintiff's individual damages claims do not satisfy the amount in controversy requirement of § 1332(a), the Court declines to exercise supplemental jurisdiction and must dismiss the action without prejudice.

The circuits do not hold otherwise. Cunningham and United Steel both explicitly recognize an exception to the "once jurisdiction, always jurisdiction" rule in cases where, after the case is filed, it is discovered that the court had no jurisdiction at the outset. Cunningham, 592 F.2d at 807 (describing this exception, then noting that "this is [not] really an exception to the principle that jurisdiction, once it attaches, sticks; it is a case in which there never was federal jurisdiction."); United Steel, 602 F.3d at 1092 n.3 (citing

19

Cunningham and noting the exception). This case is the closest an action can get to that exception, under CAFA, given the "provisional jurisdiction" courts necessarily must exercise to decide certification motions. See Rivera, 637 F. Supp. 2d at 263 (holding that "provisional jurisdiction" exists under CAFA to determine certification motions).

The Court cannot accept the proposition that merely filing a lawsuit under Rule 23 is sufficient to establish federal subject matter jurisdiction, even when a plaintiff lacks Article III standing to litigate his claims. Holding as much would relieve the plaintiff of the constitutional requirement to show standing and would permit litigants to receive a federal forum for individual damages claims that do not meet the minimum requirements for federal subject matter jurisdiction, simply by filing a putative class action under Rule 23(b)(2). This cannot be the proper interpretation of Congress's silence on jurisdiction after denial of certification in CAFA.

Other federal district courts have concluded that, although denial of class certification does not automatically divest district courts of jurisdiction, jurisdiction may be lost if the certification was denied on a basis that precludes the reasonably foreseeable possibility of subsequent class certification. See, e.g., Falcon v. Phillips Elecs. N. Am. Corp., 489 F. Supp. 2d 367, 368 (S.D.N.Y. 2007) ("[I]f class certification is

subsequently denied on a basis that precludes even the reasonably foreseeable possibility of subsequent class certification in the future, the Court may lose jurisdiction at that point."), aff'd, 304 Fed. Appx. 896 (2d Cir. 2008) (affirming denial of class certification without addressing the dismissal for lack of jurisdiction). Here, Plaintiff's lack of standing to litigate claims for injunctive relief under Rule 23(b)(2) bars the possibility of a subsequent certification. The Court accepts Plaintiff's assertion that he did not seek individualized damages on behalf of the putative class, see Pl. R. Br. at 3 ("Plaintiff never demanded relief on behalf of the Class beyond declaratory and injunctive relief"), as well as Defendants' admission of the same.[3] See id. at 3 n.2 ("Plaintiff . . . is not seeking damages

---

[3] Additionally, the Supreme Court has suggested that due process might bar Plaintiff from bringing individualized monetary claims on behalf of a class under Rule 23(b)(2). In Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2558 (2011), Justice Scalia wrote

> We think it clear that individualized monetary claims belong in Rule 23(b)(3). . . . . In the context of a class action predominantly for money damages we have held that absence of notice and opt-out violates due process. While we have never held that to be so where the monetary claims do not predominate, the serious possibility that it may be so provides an additional reason not to read Rule 23(b)(2) to include the monetary claims here.

Id. at 2558 (citation omitted). The Supreme Court's strong warning on this point is additional support for the fact that Plaintiff could not certify class-wide claims for individualized money damages under Rule 23(b)(2).

on behalf of the putative class")(quoting Def. Mot. of Law in
Support of Mot. to Strike and Dismiss the Class Action
Allegations in P.'s Second Am. Compl. at 2). Therefore, there is
no reasonably foreseeable possibility of a subsequent class
certification for Plaintiff's claims brought under Rule 23(b)(2).

One federal district court, faced with a plaintiff who could
not establish federal subject matter jurisdiction to sustain a
class action under § 1332(d) and whose individual damages claim
did not meet the amount in controversy requirement of § 1332(a),
held that the court lacked subject matter jurisdiction to hear
the damages claim. Giovanniello v. New York Law Publ'g Co., No.
07-1990, 2007 WL 2244321, at *4 (S.D.N.Y. Aug. 6, 2007). In that
case, the plaintiff attempted to bring a class action in federal
court under the Federal Telephone Consumer Protection Act,
seeking injunctive relief and damages, however, state law barred
class action claims under that statute. Id. at *1-*2. The
district court held that the plaintiff lacked subject matter
jurisdiction under § 1332(d), due to the Erie doctrine. Id. at
*2, *4. The court further held that because the statute capped
damages for the plaintiff at $1,500, he could not meet the
minimum amount in controversy of § 1332(a). Id. at *4. The court
dismissed the case for lack of subject matter jurisdiction. Id.

Giovanniello is not fully analogous to the instant action,
but similarly presents a case where the district court denied

22

class certification because of a defect in subject matter
jurisdiction. The Southern District of New York implicitly
accepted, as the Court concludes here, that merely filing the
action under Rule 23 in federal court is insufficient to
establish jurisdiction, where the court lacks subject matter
jurisdiction over the class action claims and where no
independent basis for jurisdiction exists over the damages
claims.

The Court recognizes that this holding may lead to judicial
inefficiencies. See Cunningham, 592 F.3d at 807 ("[A] case . . .
should not be shunted between court systems; litigation is not
ping-pong."); United Steel, 602 F.3d at 1090 (describing the
"bizarre[]" phenomenon of class actions "volley[ing]" between
federal and state court). It is conceivable that Plaintiff will
attempt to bring identical class action claims in state court,
which the Defendants will attempt to remove to this Court.
Nevertheless, the Court cannot rule here primarily in
anticipation of hypothetical subsequent developments. Nor should
the Court let a policy concern trump the fact that the Court
lacks subject matter jurisdiction to adjudicate both Plaintiff's
class action claims and his individual claims for damages, when
the text of CAFA does not direct otherwise.

**e. The Damages Claims Do Not Meet the § 1332(a) Requirements
for Amount in Controversy**

The party asserting a federal court's jurisdiction has the burden to prove jurisdiction exists. Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C., 692 F.3d 283, 293 (3d Cir. 2012) (citing Hertz Corp. v. Friend, 130 S. Ct. 1181, 1194 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it.")). In general, the amount in controversy is determined at the time the action is filed, accord Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d Cir. 2002) ("the amount in controversy must be based on the 'plaintiff's complaint at the time the petition for removal was filed.'"), and any subsequent events reducing the amount in controversy below the statutory minimum do not require dismissal. See Huber v. Taylor, 532 F.3d 237, 243-44 (3d Cir. 2008) (citing Rosado v. Wyman, 397 U.S. 397, 405 n.6 (1970) ("the well-settled rule that a federal court does not lose jurisdiction over a diversity action which was well founded at the outset")).

When a class action is filed and certification is denied, leaving only individual claims over which parties seek to establish jurisdiction, the analysis changes, and courts consider only whether the individual damages claims themselves meet the amount in controversy minimum. See Giovanniello, 2007 WL 2244321, at *4 (assessing whether the individual claims alone meet the $75,000 amount in controversy requirement); McGaughey v.

24

Treistman, No. 05-7069, 2007 WL 24935, at *3-*4 (S.D.N.Y. Jan. 4, 2007) ("Because Plaintiff has failed to put forth a single fact relevant to his remaining individual action against Defendant the meets the $75,000 amount-in-controversy requirement . . . this Court loses subject matter jurisdiction over Plaintiff's individual action"); Hoffer v. Cooper Wiring Devices, Inc., No. 06-763, 2007 WL 2891401, at *2 (N.D. Ohio Sept. 28, 2007) (dismissing for lack of subject matter jurisdiction after denying class certification and finding that plaintiff's individual claims failed to meet the threshold diversity jurisdictional amount).

Here, Defendants assert jurisdiction under § 1332(a), and thus have the burden to prove jurisdiction. Diversity of citizenship is not contested here. Thus, the only issue is whether the individual damage claims exceed $75,000.

Defendants argue that a different standard should apply, namely that Plaintiff has the burden to prove that the amount in controversy cannot, to a legal certainty, exceed $75,000. Def. Opp'n at 22-23, 25. That is not the proper standard here and turns on its head the presumption against federal diversity jurisdiction. See, e.g., Landsman & Funk P.C. v. Skinder-Strauss Assocs., 640 F.3d 72, 77 (3d Cir. 2011) ("[T]here is no presumption of jurisdiction in the federal courts") (quoting ErieNet, Inc. v. Velocity Net, Inc., 156 F.3d 513, 516 (3d Cir.

25

1998))); <u>Fleming v. Mack Trucks, Inc.</u>, 508 F. Supp. 917 (E.D. Pa. 1981) ("a presumption exists against diversity jurisdiction out of due regard for the rightful independence of state governments") (internal quotation marks omitted).

Defendants argue that Plaintiff's claims exceed the amount in controversy minimum largely because the NJCFA permits the award of reasonable attorney's fees and, because this matter has been "heavily litigated for over one year," the attorney's fees alone likely exceed $75,000. [Def. Opp'n at 24, 26-27.] However, Defendants also assert that "the Court's inquiry must focus on facts that existed at the time the complaint was filed," which would preclude the Court from taking into account how heavily the matter has been litigated. [<u>Id.</u> at 23.] The Court cannot take into account the actual developments in litigation when calculating attorney's fees for the purposes of jurisdiction.

Neither party has suggested how much money Plaintiff spent on Arizona beverages, and neither has articulated Plaintiff's damages. Plaintiff never pled that his individual claim for damages exceeded the jurisdictional minimum, and he asserts otherwise at this time. <u>See</u> Pl. Mot. Br. At 5-6; Pl. R. Br. at 7-10. The Court notes that Plaintiff's Complaint lists purchases that total $7.63, and Plaintiff asserts that he made similar purchases on "numerous other occasions over the course of the years . . . ." [Second Am. Compl. ¶ 52.] Even if Plaintiff bought

an Arizona beverage every day for a decade, at the most expensive price cited in his Complaint ($2.25) - a frequency never suggested by either party - Plaintiff would have spent less than $8,213, and even treble damages would not push that total past $25,000. Neither party presents any additional facts to show that, at the time the Complaint was filed, Plaintiff's individual damage claim could meet the § 1332(a) minimum. Therefore, the Court concludes there is no independent basis for jurisdiction over Plaintiff's individual damages claims.

**F. The Court Declines to Exercise Supplemental Jurisdiction under 28 U.S.C. § 1367(c)(3)**

When a district court has dismissed all claims over which it has original jurisdiction, the court may decline to exercise supplemental jurisdiction over a state law claim which does not independently qualify for federal jurisdiction and which is part of the same case or controversy that gave rise to the dismissed claims. 28 U.S.C. § 1367(c)(3). Plaintiff concedes that dismissal of supplemental claims is discretionary. [Pl. Mot. Br. at 6.] See also Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of juridical economy, convenience, and fairness to the parties provide an affirmative justification for doing so.").

27

The Court declines to exercise supplemental jurisdiction here. Plaintiff lacked standing to bring class action claims for injunctive relief and, as explained above, the Court does not retain jurisdiction over the action under CAFA. Although judicial economy may be served by exercising supplemental jurisdiction, see Part III(A)(i)(d), supra, the possibility of Plaintiff bringing class action claims for injunctive relief is, as yet, hypothetical. There is no reason why this Court is better positioned than a state court to decide Plaintiff's state law claims for individual monetary damages. The Court now declines to exercise supplemental jurisdiction over those claims.

Where, as here, a district court lacks jurisdiction over a claim, dismissal without prejudice is proper. See Burnett v. Lonchar, No. 11-716, 2011 WL 5519720, at *3 (D.N.J. Nov. 10, 2011) ("where the complaint fails to assert facts suggesting either federal-question or diversity jurisdiction, dismissal without prejudice for lack of jurisdiction is proper"). The Court grants Plaintiff's motion to dismiss without prejudice.

### B. Motion for Partial Summary Judgment

Because the Court lacks jurisdiction over Plaintiff's claims, the Court lacks jurisdiction to rule on Defendants' cross-motion for partial summary judgment, and the motion must be denied.

### IV. Conclusion

28

The Court does not maintain jurisdiction under CAFA after denying class certification for lack of subject matter jurisdiction due to the sole plaintiff's lack of Article III standing. Because the Court lacks an independent basis for jurisdiction over Plaintiff's individual money damages claims, and because the Court declines to exercise supplemental jurisdiction over the damages claims, Plaintiff's motion to dismiss without prejudice is granted. Therefore, the Court lacks jurisdiction to rule on Defendants' cross-motion for partial summary judgment.

The accompanying Order will be entered.


**December 12, 2012**                     **s/ Jerome B. Simandle**
Date                                      JEROME B. SIMANDLE
                                          Chief U.S. District Judge